UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
:
UNITED STATES OF AMERICA                                           :
:
    -v-                                        :    17-CR-204-1 (JMF)
:
MICHAEL SIERRA,                                                    :    <u>ORDER</u>
:
    Defendants.                                :
:
-------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

    Regrettably, the Court was not allocated a videoconference slot for the violation of supervised release proceeding, as it had requested. Instead, it was allocated a **teleconference** slot for **February 17, 2021, at 9:00 a.m**. In light of that, the Court is prepared to find that videoconferencing is not "reasonably available," which would authorize the Court to hold the proceeding by telephone under the CARES Act. If either party objects (or Defendant does not consent), the parties shall so advise the Court no later than tomorrow, **February 12, 2021**, and the Court will attempt to seek a videoconferencing slot for the week of February 22, 2021.

    Assuming that violation of supervised release conference proceeds by teleconference on February 17, 2021, defense counsel will — as requested — be given an opportunity to speak with the Defendant by telephone for fifteen minutes before the proceeding begins (i.e., at **8:45 a.m.**); defense counsel should make sure to answer the telephone number that was previously provided to Chambers at that time.

    Defendant, counsel, members of the press, and the public may access the conference by calling **888-363-4749 and using access code 542-1540#.** Members of the press and public will not be permitted to speak during the conference. In accordance with the Court's Emergency

Individual Rules and Practices in Light of COVID-19, available at https://www.nysd.uscourts.gov/hon-jesse-m-furman, counsel should adhere to the following rules and guidelines during the hearing:

1. Each party should designate a single lawyer to speak on its behalf (including when noting the appearances of other counsel on the telephone).

2. Counsel should use a landline whenever possible, should use a headset instead of a speakerphone, and must mute themselves whenever they are not speaking to eliminate background noise.  In addition, counsel should not use voice-activated systems that do not allow the user to know when someone else is trying to speak at the same time.

3. To facilitate an orderly teleconference and the creation of an accurate transcript, counsel are *required* to identify themselves every time they speak.  Counsel should spell any proper names for the court reporter.  Counsel should also take special care not to interrupt or speak over one another.

4. If there is a beep or chime indicating that a new caller has joined while counsel is speaking, counsel should pause to allow the Court to ascertain the identity of the new participant and confirm that the court reporter has not been dropped from the call.

If possible, defense counsel shall discuss the attached Waiver of Right to be Present at Criminal Proceeding with the Defendant prior to the proceeding.  If the Defendant consents, and is able to sign the form (either personally or, in accordance with Standing Order 20-MC-174 of March 27, 2020, by defense counsel), defense counsel shall file the executed form **at least 24 hours prior to the proceeding**.  In the event the Defendant consents, but counsel is unable to obtain or affix the Defendant's signature on the form, the Court will conduct an inquiry at the outset of the proceeding to determine whether it is appropriate for the Court to add the Defendant's signature to the form.

To the extent that there are any documents relevant to the proceeding (e.g., a plea agreement, proposed orders or documents regarding restitution, forfeiture, or removal), counsel should submit them to the Court (by email or on ECF, as appropriate) at least **at least 24 hours**

**prior to the proceeding**.  To the extent any documents require the Defendant's signature, defense counsel should endeavor to get them signed in advance of the proceeding as set forth above; if defense counsel is unable to do so, the Court will conduct an inquiry during the proceeding to determine whether it is appropriate for the Court to add the Defendant's signature.

SO ORDERED.

Dated: February 11, 2021
       New York, New York

JESSE M. FURMAN
United States District Judge